IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

SUPERIOR REFINING COMPANY, LLC,

                Petitioner                          ORDER

    v.

                                                  Case No. 21-cv-525-wmc

EDWARD D. ELIASON,

                Respondent

---

Before this court is the parties' dispute over Eliason's Rule 45 subpoena to BakerRisk, an engineering firm retained by SRC as a non-testifying consultant in this lawsuit. Both SRC and BakerRisk have filed Rule 26(b)(4)(D) motions to quash Eliason's May 27, 2021 subpoena *See* dkts. 1 & 11. As a procedural point, I conclude that SRC has standing to quash Eliason's subpoena. BakerRisk, SRC and Eliason all have filed memoranda, affidavits and exhibits presenting their positions. I have considered them all, and I conclude that the material withheld by BakerRisk is protected attorney work product. Therefore, I am granting the motions to quash.

In a June 16, 2021 Declaration–dkt. 23-3 (ex parte), dkt. 6-3 (redacted)–Attorney Patrick Casey avers that in his capacity as SRC's outside counsel following the explosion, he retained BakerRisk to perform certain tests and provide certain information for the specific purpose of assisting Attorney Casey and his colleagues defend SRC in the lawsuits resulting from the explosion. This work was performed under Attorney Casey's direction. Perforce, avers Attorney Casey, BakerRisk's work reflects his thoughts, impressions and conclusions pertaining to the pending and the anticipated ligation against SRC. Attorney Casey avers that he did not share this information with any third party, including with any regulatory agency. Only SRC's attorneys have seen it.

Eliason is skeptical, contending that "there is good reason to believe" that the information for which SRC and BakerRisk are claiming work product privilege has been shared with Stress Engineering, SRC's disclosed expert, and with others. In support, Eliason points to the statements of various witnesses that they had worked with BakerRisk following the explosion, and that BakerRisk provided information to them as part of these collaborations. *See* Eliason's opposition brief, dkt. 30, and attachments 1-15 to the August 26, 2021 Declaration of Attorney Melanie J. VanOverloop, dkts. 31-1 through 31-15.

In reply, Duane Rehmeyer, a Senior Principle Consultant at Baker Risk explains that BakerRisk has performed work for SRC in the past, and it provided assistance to SRC and to Husky Energy on three different post-explosion investigation projects. One project involved providing assistance to Bill Demchuck, Wally Shtand and others. A second project involved evidence collection that also involved Demchuck and government investigators. The third project was to provide the information to Attorney Casey that is the subject of the disputed subpoena. According to Rehmeyer, this third project was separate and distinct from the first two projects, it was undertaken for the purpose of preparing for litigation, it did not result in a final report and no information relating to this project ever was shared with any third party. September 3, 2021 Supplement Declaration of Duane Rehmeyer, dkt. 35 (ex parte) and dkt.38 (redacted). SRC reports that it already has provided extensive discovery regarding this other work by BakerRisk because this information is relevant discovery that is not privileged.

It would be a non sequitur to conclude that the existence and disclosure of nonprivileged work by BakerRisk for SRC somehow undermines SRC's claim of privilege on the separate project performed by SRC at outside counsel's request specifically for litigation

2

purposes. In short, SRC and BakerRisk have adequately established that the information sought by Eliason in the challenged subpoena is privileged attorney work product, the confidentiality of which has not been compromised. Eliason has not shown exceptional circumstances that would cause this court nonetheless to enforce the subpoena under Rule 26(b)(4)(D)(ii).

ORDER

It is ORDERED that the motions by defendant Superior Refining (dkt. 1) and Non-Party Baker Engineering and Risk Consultants (dkt. 11) to quash plaintiff's May 27, 2021 subpoena (dkt. 6-1) are GRANTED.

Entered this day of 29th September, 2021.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge